UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARRIBA CAREER AND TECHNICAL TRAINING INC., T/D/B/A ARRIBA INTERNATIONAL STAFFING SERVICES INC., <br><br> Plaintiff, <br><br> v. <br><br> JUN CHI HORNG, <br><br> Defendant. | Case No. 2:23-cv-1641 |

### NOTICE OF REMOVAL OF STATE COURT ACTION TO THE UNITED STATES DISTRICT COURT

To: The Honorable Clerk of the United States District Court for the Western District of Pennsylvania:

PLEASE TAKE NOTICE that Defendant JUN CHI HORNG (hereinafter "Horng") hereby removes to this court the State Court Case in the Court of Common Pleas of Westmoreland County, Pennsylvania described herein, docketed as <u>Arriba Career and Technical Training Inc., t/d/b/a Arriba International Staffing Services Inc. v. Jun Chi Horng</u>, Case No. 2703 of 2023 (CCP Westmoreland Co.), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447.

Pursuant to 28 U.S.C. § 1446(d) and this court's Local Rules, copies of this Notice of Removal are being served on Plaintiff at the address listed in Plaintiff's state court complaint, and are being filed in the Court of Common Pleas of Westmoreland County, Pennsylvania.

A copy of the Complaint and the state court docket in the State Court Case are attached as <u>Exhibit 1(a)-(c)</u>.

Defendant's grounds for removal are based upon **diversity jurisdiction** under 28 U.S.C. § 1332(a) as follows:

1.      Plaintiff Arriba Career and Technical Training Inc. (hereinafter "Arriba") filed the above-referenced State Court Case on 07/12/2023 in the Court of Common Pleas of Westmoreland County, Pennsylvania. Exhibit 1(b), Complaint, Cover Sheet.

2.      Plaintiff alleges in its State Court Case that Defendant is liable for damages for violating an employment contract with Plaintiff. Id. at Complaint, ¶¶ 6-10.

3.      Plaintiff alleges that it is a Pennsylvania corporation, with a principal place of business located in the Commonwealth of Pennsylvania. Id. at Complaint, ¶¶ 1.

4.      Although Plaintiff's Complaint alleges that Defendant resides in Westmoreland County in the Commonwealth of Pennsylvania, Id. at Complaint, ¶ 2, Defendant has in fact permanently moved to the Borough of Brooklyn, Kings County, State of New York on 06/02/2023, and has worked and domiciled there ever since her move. Exhibit 2(a)-(d), Proofs of Domicile.

5.      Defendant's evidence includes, *inter alia*, her paystubs, Exhibit 2(a), her sublease agreement, Exhibit 2(b), her rent/deposit checks to her apartment room sublessor, Exhibit 2(c), and daily expenses spent for groceries, purchases of public transit tickets at the New York Metropolitan Transportation Authority ("MTA"), and the like, Exhibit 2(d), all showing domiciliary activity in New York prior to 07/12/2023, Id., when Plaintiff initiated this action with its Complaint.

6.      The Westmoreland County Sheriff's Office furthermore noted that another tenant of Defendant's prior apartment building in Westmoreland County, Pennsylvania truthfully reported that Plaintiff has moved to New York. Exhibit 1(c), Sheriff's Return.

7.      With regard to relief, Plaintiff seeks only legal monetary damages. Exhibit 1(b), Complaint, *ad damnum* clauses to all Counts I-III.

8. With regard to the amount of damages, Plaintiff claims "the sum of $45,000.00" and "reasonable attorney's fees and costs" against Plaintiff, "in excess of $30,000". Id. at Complaint, ¶ 10; *ad damnum* clauses to all Counts I-III.

9. Defendant denies Plaintiff's allegations.

10. A completed Civil Cover Sheet, Form No. JS 44, is attached hereto as Exhibit 4.

## BASIS FOR REMOVAL

### I. Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b).

11. Pursuant to 28 U.S.C. § 1332, this court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs. Therefore, this action could have been originally filed in this court, and Plaintiff's removal to this court is proper.

### a. *There is Complete Diversity of Citizenship between the Parties.*

12. A corporation is deemed a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c).

13. Plaintiff, a corporation, admits that it is a citizen of the Commonwealth of Pennsylvania, ¶ 3, *supra*, as it is incorporated in this Commonwealth, and its principal place of business is located in Westmoreland County, Pennsylvania.

14. Defendant, an individual, has been a domiciliary and citizen of the State of New York since 06/02/2023, when she moved there permanently from Westmoreland County, Pennsylvania for work purposes.

15. Plaintiff later filed its Complaint in the State Court Case on 07/12/2023, well after Defendant became a domiciliary of New York.

16. Plaintiff furthermore acknowledged that Defendant is a domiciliary of New York after serving a copy of the Complaint to Defendant pursuant to Pa.R.Civ.P. 403 and 404, which pertain to serving out of state defendants via US mail. <u>Exhibit 3</u>, Plaintiff's Letter of 08/17/2023.

17. A court reviewing the citizenship of the parties to determine if the suit meets the requirements of diversity jurisdiction must look to the citizenship of the parties at the time when the action was filed. <u>Freeport-McMoran, Inc. v. K N Energy, Inc.</u>, 498 U.S. 426, 428 (1991).

18. Since our Pennsylvania Plaintiff filed this case on 07/12/2023, after Defendant became a domiciliary of New York on 06/02/2023, complete diversity of citizenship exists in this action.

    **b.** *The Amount in Controversy Requirement is Satisfied.*

19. To determine the amount in controversy, courts look first to the plaintiff's state court petition. The party seeking removal carries the burden of proving that removal is proper. <u>Carlyle Inv. Management LLC v. Moonmouth Co. SA</u>, 779 F.3d 214, 218 (3d Cir. 2015).

20. While a determination of the amount in controversy begins with a reading of the complaint filed in the state court, where *ad damnum* clauses state only categories of damages, such categories must be translated into monetary terms. <u>Samuel-Bassett v. KIA Motors America, Inc.</u>, 357 F.3d 392, 398-399 (3d Cir. 2004).

21. Attorney's fees are considered as part of the calculation as to whether Plaintiff's claims, in the aggregate, exceed diversity jurisdiction's monetary threshold. <u>Sciarrino v. State Farm and Casualty Co.</u>, 476 F.Supp.3d 91, 99 (E.D.Pa. 2020); <u>accord</u> <u>Clark v. Applied Cardiac Systems,</u>

Inc., Case No. 2:21-cv-1123 (W.D.Pa. 2022) (Docket No. 47; Memorandum Order of 03/16/2022).

22. Only when "it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount", should a removed action be remanded to state court. Samuel-Bassett, 357 F.3d at 397; See St. Paul Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289-290 (1938).

23. Here, the amount in controversy meets the jurisdictional requirements, since if Plaintiff prevails on all the relief it seeks through trial, then Defendant may be found liable for $45,000 worth of contract damages, plus all attorney's fees and costs expended by Defendant through trial, which can exceed $30,000. Id. at Complaint, ¶ 10; *ad damnum* clauses to all Counts I-III.

24. Defendant's position on the amount of liability at issue, for diversity jurisdiction purposes only, is underscored by Plaintiff's own averment that $45,000 is a proper measure of damages for a rote immigration petition, much less a full federal trial. Id.

25. Defendant anticipates raising not only affirmative defenses, but also counterclaims against Plaintiff for violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law and other applicable claims, as well as joining additional defendants under civil RICO claims.

26. Therefore, if Plaintiff's attorney charges approximately $300/hour as a reasonable rate, and there is a high likelihood that Plaintiff's attorney will expend more than 120 hours on this case as a reasonable estimate of what taking this case through trial may take; and, assuming *arguendo* Plaintiff is then awarded attorney's fees based on such a calculation, the result is an award of over $36,000 in attorney's fees, which pushes the amount in controversy beyond the

jurisdictional limits to over $81,000 as Plaintiff's recovery.[1] See e.g. Ty Carts v. Wings Over Happy Valley MDF, LLC, Case No. 4:17-cv-915 (M.D.Pa. 2023) (Docket No. 147; Memorandum of 06/28/2023) (Finding $300/hour as a reasonable rate for FMLA case); Orion Drilling Co. v. EQT Production Co., Case No. 2:16-cv-1516 (W.D.Pa. 2019) (Docket No. 392; Opinion and Order of 09/10/2019) (Finding $289 - $403.75/hour as reasonable rates for experienced civil litigation attorneys).

### c. This Notice of Removal is Timely and Complete and Has Been Properly Served.

27. Defendant first receive noticed of this action via certified mail on 08/21/2023.

28. This court has personal jurisdiction over the Parties.

29. Defendant is the only named defendant in Plaintiff's Complaint.

30. Defendant has fulfilled, in a timely manner, all requirements for removal, service has been made upon Plaintiff and the Court of Common Pleas of Westmoreland County, Pennsylvania, and removal is therefore proper.

Respectfully Submitted,

09/13/2023　　　　　　　　　　　　　　/s/ Jesse Chen, Esq.

Jesse Chen, Esq.
Counsel for Defendant Jun Chi Horng
PA Atty. ID No. 309662
322 N. Shore Dr., Bldg. 1B, Ste. 200
Pittsburgh, PA 15212
Tel: (412) 848-8853
Email: chen@chenesq.com

---

[1] $36,000 is also less than 1 on a lodestar ratio multiplier to $45,000 in sought contractual damages, thus suggesting that such a fee may be reasonable.

CERTIFICATE OF SERVICE

      The undersigned counsel for Defendant hereby certifies that a true and correct copy of the foregoing Notice of Removal was served upon Plaintiff via USPS First Class Mail, postage prepaid, on 09/13/2023 to:

      Mary C. Conn, Esq., Counsel for Plaintiff
      Kennedy, PC
      911 Washington Ave., Carnegie, PA 15106

      The undersigned further certifies that a true and correct copy of the foregoing Notice of Removal was concurrently filed with the Prothonotary of the Court of Common Pleas of Westmoreland County, Pennsylvania.

      So Certified,

09/13/2023                        /s/ Jesse Chen, Esq.

      Jesse Chen, Esq.
      Counsel for Defendant Jun Chi Horng
      322 N. Shore Dr., Bldg. 1B, Ste. 200
      Pittsburgh, PA 15212
      Tel: (412) 848-8853
      Email: chen@chenesq.com