1 (a)
State Court Docket

| New Search | Search Result ✖ | Case Detail ✖ |

## Case Information

| Case# | Caption | Reference File | Judgment Amt | Filed Date | Case Type/Subtype | Status | Judge |
|-------|---------|----------------|--------------|------------|-------------------|--------|-------|
| 23CI02703 | ARRIBA CAREER AND TECHNICAL TRAINING INC/TDBA VS. JUN CHI HORNG | | | Jul/12/2023 | CONTRACT OTHER | ACTIVE | HARRY F SMAIL |

## Parties

| Party Type | Name | Address |
|------------|------|---------|
| DEFENDANT | JUN CHI HORNG | 1224 BAILEY FARM ROAD APT 2, GREENSBURG, PA, 15601, USA |
| PLAINTIFF ATTY | Mary C. Conn | Kennedy PC Law 911 Washington Ave., Carnegie, PA, 15106, USA |
| PLAINTIFF | ARRIBA CAREER AND TECHNICAL TRAINING INC/TDBA | 2030 ADER ROAD, JEANNETTE, PA, 15644, USA |
| PLAINTIFF | ARRIBA INTERNATIONAL STAFFING SERVICES INC | 2030 ADER ROAD, JEANNETTE, PA, 15644, USA |

## Events

| Action Date ▲ | Action Description | Action Name | View Document |
|---------------|--------------------|-----------|---------------|
| Aug/01/2023 | SHERIFF'S RETURN NOT FOUND | 1 NOT FOUND | View |
| Jul/12/2023 | *COMPLAINT CIVIL ACTION | *COMPLAINT CIVIL ACTION | View |

1 (b)
Complaint

TIME STAMP

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_____ Westmoreland _____ County

**For Prothonotary Use Only:**

Docket No:

2 703 of 2023

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

S
E
C
T
I
O
N

A

**Commencement of Action:**

☒ Complaint ☐ Writ of Summons ☐ Petition
☐ Transfer from Another Jurisdiction ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Arriba International Staffing Services Inc. | Jun Chi Horng |

**Are money damages requested?** ☒ Yes ☐ No

Dollar Amount Requested: ☐ within arbitration limits
(check one) ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: Mary C. Conn, Esquire

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

S
E
C
T
I
O
N

B

**TORT** *(do not include Mass Tort)*
☐ Intentional
☐ Malicious Prosecution
☐ Motor Vehicle
☐ Nuisance
☐ Premises Liability
☐ Product Liability *(does not include mass tort)*
☐ Slander/Libel/ Defamation
☐ Other:
_____
_____

**MASS TORT**
☐ Asbestos
☐ Tobacco
☐ Toxic Tort - DES
☐ Toxic Tort - Implant
☐ Toxic Waste
☐ Other:
_____
_____

**PROFESSIONAL LIABLITY**
☐ Dental
☐ Legal
☐ Medical
☐ Other Professional:
_____
_____

**CONTRACT** *(do not include Judgments)*
☐ Buyer Plaintiff
☐ Debt Collection: Credit Card
☐ Debt Collection: Other
_____
_____

☐ Employment Dispute: Discrimination
☐ Employment Dispute: Other
_____
_____

☐ Other:
_____
_____

**REAL PROPERTY**
☐ Ejectment
☐ Eminent Domain/Condemnation
☐ Ground Rent
☐ Landlord/Tenant Dispute
☐ Mortgage Foreclosure: Residential
☐ Mortgage Foreclosure: Commercial
☐ Partition
☐ Quiet Title
☐ Other:
_____
_____

**CIVIL APPEALS**
Administrative Agencies
☐ Board of Assessment
☐ Board of Elections
☐ Dept. of Transportation
☐ Statutory Appeal: Other
_____
_____

☐ Zoning Board
☐ Other:
_____
_____

**MISCELLANEOUS**
☐ Common Law/Statutory Arbitration
☐ Declaratory Judgment
☐ Mandamus
☐ Non-Domestic Relations Restraining Order
☐ Quo Warranto
☐ Replevin
☐ Other:
_____
_____

*Updated 1/1/2011*

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA - CIVIL

## WESTMORELAND COUNTY CIVIL COVER SHEET

Judge: $Smail$

Case No.: $2703$ of $2023$

Counsel: Mary C. Conn, Esquire

Plaintiff, Arriba Career and Technical Training Inc., t/d/b/a Arriba International Staffing Services Inc.

vs.

Defendant, Jun Chi Horng

Representing: Plaintiff, Arriba Career and Technical Training Inc., t/d/b/a Arriba International Staffing Services Inc.

PA Attorney ID No.: 65488

Firm: KENNEDY, PC Law Offices

Address: 911 Washington Avenue
Carnegie, PA 15106

Phone:(717) 233-7100 ext. 104
Fax: (724) 514-6941

Email: mconn@kennedypc.net
**JURY TRIAL DEMANDED**

PLEASE ANSWER THE FOLLOWING:

| | | Yes | No |
|---|---|---|---|
| 1. | Is the Amount In Controversy Less Than $30,000? | ☐ Yes | ■ No |
| 2. | Does This Case Involve Discovery of Electronically Stored Information? | ☐ Yes | ■ No |
| 3. | Does This Case Involve a Construction Project? | ☐ Yes | ■ No |

ENTRY OF APPEARANCE

TO THE PROTHONOTARY: Please enter my appearance on behalf of the Plaintiff/Petitioner/ Appellant. Papers may be served at the address set forth above.

Signature: _Mary_ _____    Date: _July 11, 2023_

Original – Prothontary                    Copies - Judge and Opposing Counsel

Revised 5/26/2010

## IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

ARRIBA CAREER AND TECHNICAL         :
TRAINING INC., T/D/B/A ARRIBA       :
INTERNATIONAL STAFFING              :
SERVICES INC.,                      :
2030 Ader Road                      :
Jeannette, PA 15644                 :
                                    :    Civil Action
                    Plaintiff,      :
                                    :    NO. *2703 of 2023*
                                    :
            v.                      :
                                    :
JUN CHI HORNG,                      :
1224 Bailey Farm Road, Apt. 2       :
Greensburg, PA 15601                :
                                    :
                                    :
                    Defendant.      :

FILED
PROTHONOTARY'S OFFICE
WESTMORELAND COUNTY
2023 JUL 12 P 12: 30
GINA O'BARTO
TIME IN

**PLAINTIFF'S COMPLAINT**

Filed on behalf of:

Plaintiff, ARRIBA CAREER AND
TECHNICAL TRAINING INC., T/D/B/A
ARRIBA INTERNATIONAL STAFFING
SERVICES INC.
Counsel of Record for this Party:

Mary C. Conn, Esquire
Attorney ID No. 65488

KENNEDY, PC Law Offices
911 Washington Avenue
Carnegie, PA 15106
(717) 233-7100 ext. 104
mconn@kennedypc.net

Party Represented by Out-of-County
Counsel Only

IN THE COURT OF COMMON PLEAS OF
WESTMORELAND COUNTY, PENNSYLVANIA

| | |
|---|---|
| ARRIBA CAREER AND TECHNICAL TRAINING INC., T/D/B/A ARRIBA INTERNATIONAL STAFFING SERVICES INC.,<br>      Plaintiff,<br><br>v.<br>JUN CHI HORNG,<br>      Defendant. | Case No. 2703 of 2023<br><br>**JURY TRIAL<br>DEMANDED** |

## NOTICE TO DEFEND–CIVIL

      You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

      YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERRAL SERVICE
WESTMORELAND BAR ASSOCIATION
P.O. BOX 565
GREENSBURG, PA 15601
(724) 834-8490
http://lrs.westbar.org

1

IN THE COURT OF COMMON PLEAS OF
WESTMORELAND COUNTY, PENNSYLVANIA

|  |  |
|---|---|
| ARRIBA CAREER AND TECHNICAL TRAINING INC., T/D/B/A ARRIBA INTERNATIONAL STAFFING SERVICES INC.,<br>Plaintiff,<br><br>v.<br>JUN CHI HORNG,<br>Defendant. | Case No. 2703 of 202<br><br>JURY TRIAL<br>DEMANDED |

## PLAINTIFF'S COMPLAINT

Plaintiff, Arriba Career and Technical Training Inc., t/d/b/a Arriba International Staffing Services Inc., files this Complaint against the Defendant, Jun Chi Horng, and states as follows:

I. **Parties:**

1.      Plaintiff, Arriba Career and Technical Training Inc., t/d/b/a Arriba International Staffing Services Inc. (Hereinafter referred to as "ARRIBA"), is a PA Corporation, with a principle place of business located at 2030 Ader Road, Jeannette, Westmoreland County, PA, 15644.

2.      Defendant, Jun Chi Horng (Hereinafter "Defendant, Horng"), is an adult individual who, upon information and belief, resides at 1224 Bailey Farm Road, Apt. 2, Greensburg, PA 15601.

II. **Facts:**

3.      Plaintiff, ARRIBA, is an international staffing agency, which employs and places registered nurses at its clients' healthcare facilities in PA, at which said

2

registered nurses provide nursing services to Plaintiff, ARRIBA's clients' patients and/or residents.

4.      Some of Plaintiff, ARRIBA's RN/Employees, such as Defendant Horng, live outside the United States when they apply for employment with Plaintiff, ARRIBA.

5.      As such, Plaintiff, ARRIBA, and said RN/Employees enter into long term employment agreements, in light of Plaintiff, ARRIBA, incurring significant expenses, and expanding significant time and effort, with regard to its RN/Employees' international travel, immigration costs, so that said RN/Employees may work legally in the United States, and other related expenses, in employing said RN/Employees.

6.      Plaintiff, ARRIBA, and Defendant, Horng, entered into such an employment agreement on November 10, 2022 (Hereinafter the "Agreement"). *See attached Exhibit A, a true and correct copy of the Agreement.*

7.      Pursuant to the Agreement, the parties mutually agreed as follows:

"NOW, THEREFORE, in mutual consideration of the promises and covenants contained herein and intending to be legally bound, the parties hereby agree as follows:

1.  Arriba agrees to employ RN/Employee and RN/Employee agrees to work for Arriba as a Registered Nurse for three (3) years or 6,240 total hours. The effective date of the RN/Employee's employment will be the date RN/Employee begins work for Arriba in the capacity of a licensed Registered Nurse Employee.

2.  Before employment, RN/Employee will be fully licensed to legally work as an RN in the state of the place of employment and has or will receive a VisaScreen or Visa4Nurses Certificate.

3

3. RN/Employees rate of pay will be at least the prevailing wage for an entry level RN position as determined by the U.S. Department of Labor. RN/Employee's employment will be full time per Arriba's definition. Arriba will also provide employment benefits to RN/Employee as benefits are provided to its other employees.  RN/Employee will also receive periodic reviews and hourly wage increases as may be appropriate.

4. Arriba will petition for RN/Employee's immigration to become a U.S. Permanent Resident. In that regard, Arriba will pay for attorney's fees and U.S. Government costs for RN/Employee's immigration including the filing fees for Petition for Alien Worker and Application for Adjustment of Status but if a nurse is already in the US and legally working, such nurses may be required to pay their own government/fee costs of immigration.

5. RN/Employee agrees to cooperate with the immigration process by providing necessary documents and signing necessary forms.

6. Arriba will also work diligently for RN/Employee's immigration by providing organizational, financial and tax documents reasonably required to prepare, file and complete RN/Employee's USCIS immigration case processing.  Arriba will also take actions as required, including the signing of necessary USCIS immigration forms, for RN/Employee.

7. RN/Employee agrees to be employed by Arriba as a Registered Nurse for three (3) years or 6,240 total hours after the date RN/Employee's employment begins at Arriba. The term of employment may be less than three years but shall be at minimum the required 6,240 total hours of employment.  Any time off from employment or unscheduled time off in excess of accrued Paid Time Off for any reason shall not count toward the required 6,240 hours term of employment. The three (3) years or 6,240 total hours term of the employment agreement is a minimum term of employment but is not a fixed limited term of employment. Employment of RN under this agreement is a permanent position and may extend indefinitely longer than three years.

8. Arriba will employ RN/Employee and RN/Employee will begin work for Arriba as soon as RN/Employee has USCIS employment authorization

4

and is duly licensed as an RN for practice in the State of the place of employment.

9. Costs of resettlement or relocation that may be incurred by RN/Employee for travel to the place of employment will be paid RN/Employee unless otherwise agreed.

10. Arriba is required by law to perform background check, OIG, sex offender, etc. This employment is contingent on a clean background check returned for RN/Employee.

11. Any breach of the conditions of this agreement will be considered a substantial breach of this agreement by RN/Employee. If there is such a breach by RN/Employee, Arriba may, at its option, terminate this Agreement immediately. It is agreed that Arriba will be substantially damaged by RN/Employee's failure to remain in Arriba's employment for the entire term of this agreement. If RN/Employee breaches this Agreement, it is agreed that it is difficult to determine the precise amount of actual damages. Accordingly, RN/Employee agrees to pay to Arriba the sum of **forty-five thousand dollars ($45,000)** in the form of liquidated damages for failure to fulfill the whole term of this agreement. These liquidated damages are not intended to be considered as penalty or forfeiture, rather they are a reasonable estimate of the damages to be incurred by Arriba as of the effective date of this agreement. Arriba reserves the right to recalculate the amount of liquidated damages as of the start date of employment in consideration for the additional damages that will be incurred by Arriba as a result of breach of this Agreement. In addition to liquidated damages, Arriba will recover from RN/Employee any reasonable attorney's fees incurred in collecting such amounts.

12. In the event that any one or more provisions of this Agreement shall be found to be illegal or unenforceable, then, notwithstanding, this Agreement shall remain in full force and effect, and such term or provision shall be deemed stricken.

13. No party's right to require performance of another party's (or parties') obligations hereunder shall be affected by any previous waiver, forbearance, or course of dealing.

5

14. Whenever in this Agreement any party's consent is required, such consent shall not be unreasonably be withheld or delayed.

15. This agreement shall be binding on the heirs, successors and assigns of the parties.

16. This Agreement supersedes all proposals, oral or written, and all communications and prior understandings between the parties. This agreement constitutes the whole and entire agreement between the parties. The terms and conditions of this Agreement may be modified, amended or changed only by writing signed by each party.

17. As used herein, whenever the context so indicates, the use of the singular includes the plural and the use of one gender includes all.

18. This agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without reference to any conflicts of law principles thereof. In the event that legal action is required, any litigation brought hereunder must be brought in the Court of Common Pleas of Westmoreland County, Pennsylvania, or the U.S. District Court for the Western District of Pennsylvania, to the extent Federal law or Federal diversity jurisdiction would apply.

19. In the event that legal action is required to enforce the terms hereof, RN/Employee is responsible for their own legal fees, and in the event that Arriba is the prevailing party, Arriba shall be entitled to an award of costs and reasonable attorney's fees from RN/Employee.

20. This Agreement may be executed in one or more counterparts, each of equal validity, by each party hereto. Electronic scans or facsimile transmission of the signatures to this documents will be of full force and effect.

21. The parties acknowledge and agree a condition of employment is that RN/Employee must be vaccinated as required by applicable Federal and State laws and regulations; the parties further specifically agree the aforementioned vaccination requirement includes vaccination against COVID-19.

22. RN/Employee acknowledges her or his immigration to the United States is predicated on three (3) years or 6,240 total hours employment with Arriba; if RN/Employee does not work for Arriba as required for three (3) years or 6,240 total hours, such may constitute immigration fraud and lead to revocation of permanent resident status and deportation from the U.S. *See Exhibit A.*

8.      Plaintiff, ARRIBA, has performed all of its obligations under the Agreement.

9.      However, Defendant, Horng, has breached the material terms of the Agreement by termination of her employment with Plaintiff, ARRIBA, as of February 17, 2023, well short of her three-year employment obligation, which would end on October 5, 2025, and having worked only 744.85 hours of the agreed upon 6,240 hours.

10.     As a result of Defendant, Horng's breach of the Agreement and pursuant to Paragraph 11 of the Agreement, Defendant is obligated to pay Plaintiff, ARRIBA, the sum of $45,000.00, liquidated damages representing the reasonable value of Plaintiff, ARRIBA's damages, including loss of revenue, costs associated with professional examinations, travel, visa screen services, State licensure, Immigration, transportation to the US, and ARRIBA provided housing in the US.

11.     Despite Plaintiff, ARRIBA's demand for payment of the liquidated damages agreed upon, Defendant, Horng, has not made such payment, in further breach of the Agreement.

12.     As a direct and proximate cause of Defendant, Horng's breaches of the parties' Agreement, and such other culpable conduct as set forth in this Complaint, below, Plaintiff, ARRIBA, has been damaged.

7

## COUNT I - BREACH OF CONTRACT

13.    Plaintiff, ARRIBA, incorporates herein as if set forth at length in this Count, all of the allegations of this Complaint.

14.    On November 10, 2022 Defendant, Horng, intending to be bound, executed and delivered the Agreement to Plaintiff, ARRIBA.

15.    Plaintiff, ARRIBA, complied with and or was ready, willing and able to comply with all terms of the Agreement throughout the three year term, and, in fact, did so until Defendant, Horng, breached the Agreement.

16.    Defendant, Horng, breached the Agreement on February 17, 2023, at which time she terminated her employment with Plaintiff, ARRIBA, prior to the fulfillment of the employment terms.

17.    As Plaintiff, ARRIBA, did not receive the benefit of its bargain with Defendant, Horng, Plaintiff, ARRIBA, is owed the liquidated damages agreed to plus costs, interest, and fees consistent with the Agreement, which Defendant, Horng has not paid.

18.    Alternatively, Defendant, Horng's breaches of the Agreement, have resulted in Plaintiff, ARRIBA, suffering damages, including, but not limited to, loss of revenue, costs associated with professional examinations, travel, visa screen services, State licensure, Immigration, transportation to the US, and ARRIBA provided housing in the US.

19.    As a result of the Defendant, Horng's breaches of the parties' Agreement, Plaintiff, ARRIBA, has and will continue to incur legal fees to litigate the claims alleged herein.

WHEREFORE, Plaintiff, ARRIBA, demands judgment against Defendant, Horng, for the full amount of the agreed upon damages, or in the alternative, such damages sustained by Plaintiff, ARRIBA, plus pre judgment and post judgment interest, costs, reasonable attorney's fees and costs, and any other relief which this court deems just and proper, which is in excess of $30,000.

## COUNT II - UNJUST ENRICHMENT

20.    Plaintiff, ARRIBA, incorporates herein as if set forth at length in this Count, all of the allegations of this Complaint.

21.    Plaintiff, ARRIBA, conferred multiple benefits upon Defendant, Horng, for which Defendant, Horng, acknowledged, accepted, and retained, but, has not compensated Plaintiff, ARRIBA.

22.    The circumstances as outlined above, are such that it would be inequitable for Defendant, Horng, to retain said benefits provided by Plaintiff, ARRIBA, without compensating Plaintiff, ARRIBA, for the value thereof.

23.    Defendant, Horng, has been unjustly enriched at the expense of Plaintiff, ARRIBA, and should be required to make restitution of, or for, the benefits retained by Defendant.

WHEREFORE, Plaintiff, ARRIBA, demands judgment against Defendant, Horng, for the full amount of its damages, plus pre judgment and post judgment

9

interest, costs, reasonable attorney's fees and costs, and any other relief which this court deems just and proper, which is in excess of $30,000.

COUNT III - FRAUD IN THE INDUCEMENT

24.    Plaintiff, ARRIBA, incorporates herein as if set forth at length in this Count, all of the allegations of this Complaint.

25.    So as to fraudulently induce Plaintiff, ARRIBA, into entering the Agreement, Defendant knowingly or recklessly, without regard to truth or falsity, misrepresented her intention to work for Plaintiff for the agreed upon period, which was material to the Agreement, and/or she knowingly and falsely represented her intention to work for Plaintiff, ARRIBA, for the agreed upon period, which was material to the Agreement, so as to obtain from Plaintiff, ARRIBA, significant financial benefits, including the obtaining of a Visa and/or green card, for which she had no intention of compensating Plaintiff, ARRIBA.

26.    Plaintiff, ARRIBA, justifiably relied upon Defendant, Horng's misrepresentation and/or false representations in entering in the Agreement.

27.    As a result, Plaintiff, ARRIBA, suffered damages, including, not limited to loss of revenue, costs associated with professional examinations, travel, visa screen services, State licensure, Immigration, transportation to the US, and ARRIBA provided housing in the US and attorney's fees and costs.

WHEREFORE, Plaintiff, ARRIBA, demands judgment against Defendant, Horng, for the full amount of its damages, plus pre judgment and post judgment

10

interest, costs, reasonable attorney's fees and costs, and any other relief which this court deems just and proper, which is in excess of $30,000.

Respectfully Submitted,

Date: July 14, 2023

By: _____

Mary C. Conn, Esquire
Attorney I.D. No. 65488
KENNEDY, PC LAW OFFICES
911 Washington Avenue
Carnegie, PA 15106
(717) 233-7100, Ext. 104

Attorneys for the Plaintiff,
Arriba Career and Technical Training
Inc., t/d/b/a Arriba International
Staffing Services Inc.

11

# Exhibit A

## EMPLOYMENT AGREEMENT

This agreement is effective on the day below executed by all parties hereto ("Effective Date"), and is by and between Arriba Career and Technical Training, Inc. d/b/a Arriba International Staffing Services ("Arriba"), a Pennsylvania corporation, and Registered Nurse Jun·Chi Horng (RN/Employee").

WHEREAS, Arriba is in the business of providing healthcare professional staffing in Jeannette, PA ("the Place of Employment") and employs registered nurses;

WHEREAS, RN/Employee is not a citizen or permanent resident of the United States;

WHEREAS, RN/Employee will hold a current valid RN license issued by the Commonwealth of Pennsylvania;

WHEREAS, RN/Employee desires to become U.S. permanent resident in return for RN/Employee's employment with Arriba for three (3) years or 6,240 total hours as a Registered Nurse;

WHEREAS, the three (3) years or 6,240 total hours term of employment is a minimum term of employment as a Registered Nurse; and

WHEREAS, the employment of RN/Employee is a permanent position and may extend longer than three (3) years or 6,240 total hours.

NOW, THEREFORE, in mutual consideration of the promises and covenants contained herein and intending to be legally bound, the parties hereby agree as follows:

1. Arriba agrees to employ RN/Employee and RN/Employee agrees to work for Arriba for three (3) years or 6,240 total hours. The effective date of the RN/Employee's employment will be the date RN/Employee begins work for Arriba in the capacity of a licensed Registered Nurse Employee.

2. Before employment, RN/Employee will be fully licensed to legally work as an RN in the state of the place of employment and has or will receive a VisaScreen or Visa4Nurses Certificate.

JH

1

DocuSign Envelope ID: 45CAF181-A996-4C9F-94A0-2085EDC21432

3.  RN/Employee's rate of pay will be at least the prevailing wage as of the
    Effective Date hereof for an entry level RN position as determined by the
    U.S. Department of Labor. RN/Employee's employment will be full time
    per Arriba's definition. Arriba will also provide employment benefits to
    RN/Employee as benefits are provided to its other employees.
    RN/Employee will also receive periodic reviews and hourly wage increases
    as may be appropriate.

4.  Arriba will petition for RN/Employee's immigration to become a U.S.
    Permanent Resident. In that regard, Arriba will pay for attorney's fees
    and U.S. government costs for RN/Employee's immigration including the
    filing fees for Petition for Alien Worker and Application for Adjustment of
    Status but if a nurse is already in the US and legally working, such
    nurses may be required to pay their own government/fees costs of
    immigration.

5.  RN/Employee agrees to cooperate with the immigration process by
    providing necessary documents and signing and signing necessary forms.

6.  Arriba will also work diligently for RN/Employee's immigration by
    providing organizational, financial, and tax documents reasonably
    required to prepare, file, and complete RN/Employee's USCIS
    immigration case processing. Arriba will also take actions as required,
    including the signing of necessary USCIS immigration forms, for
    RN/Employee.

7.  RN/Employee agrees to be employed by Arriba as a Registered Nurse for
    three (3) years or 6,240 total hours after the date RN/Employee's
    employment begins at Arriba. The term of employment may be less than
    three years but shall be at minimum the required 6,240 total hours of
    employment. Any time off from employment or unscheduled time off in
    excess of accrued Paid Time Off for any reason shall not count toward the
    required 6240 hours term of employment. The three (3) years or 6,240
    total hours term of the employment agreement is a minimum term of
    employment but is not a fixed limited term of employment. Employment
    of RN under this agreement is a permanent position and may extend
    indefinitely longer than three years.

JH

2

DocuSign Envelope ID: 45CAF181-A996-4C9F-94A0-2085EDC21432

8. Arriba will employ RN/Employee and RN/Employee will begin work for Arriba as soon as RN/Employee has USCIS employment authorization and is duly licensed as an RN for practice in the State of the place of employment.

9. Costs of resettlement or relocation that may be incurred by RN/Employee for travel to the place of employment will be paid RN/Employee unless otherwise agreed.

10. Arriba is required by law to perform a background check, OIG, sex offender, etc. This employment agreement is contingent on a clean background check returned for RN/Employee.

11. Any breach of the conditions of this agreement will be considered a substantial breach of this agreement by RN/Employee. If there is such a breach by RN/Employee, Arriba may, at its option, terminate this agreement immediately. It is agreed that Arriba will be substantially damaged by RN/Employee's failure to remain in Arriba's employment for the entire term of this agreement. If RN/Employee breaches this Agreement, it is agreed that it is difficult to determine the precise amount of actual damages. Accordingly, RN/Employee agrees to pay to Arriba the sum of **forty-five thousand dollars ($45,000)** in the form of liquidated damages for failure to fulfill the whole term of this agreement. These liquidated damages are not intended to be considered as penalty or forfeiture, rather they are a reasonable estimate of the damages to be incurred by Arriba as of the Effective Date of this Agreement. Arriba reserves the right to recalculate the amount of liquidated damages as of the start date of employment in consideration for the additional damages that will be incurred by Arriba as a result of breach of this Agreement. In addition to liquidated damages, Arriba will recover from RN/Employee any reasonable attorney's fees incurred in collecting such amounts.

12. In the event that any one or more provisions of this Agreement shall be found to be illegal or unenforceable, then, notwithstanding, this Agreement shall remain in full force and effect, and such term or provision shall be deemed stricken.

DS
JH

3

DocuSign Envelope ID: 45CAF181-A996-4C9F-94A0-2085EDC21432

13. No party's right to require performance of another party's (or parties') obligations hereunder shall be affected by any previous waiver, forbearance, or course of dealing.

14. Whenever in this Agreement any party's consent is required, such consent shall not be unreasonably be withheld or delayed.

15. This agreement shall be binding on the heirs, successors and assigns of the parties.

16. This Agreement supersedes all proposals, oral or written, and all communications and prior understandings between the parties. This agreement constitutes the whole and entire agreement between the parties. The terms and conditions of this Agreement may be modified, amended or changed only by writing signed by each party.

17. As used herein, whenever the context so indicates, the use of the singular includes the plural and the use of one gender includes all.

18. This agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without reference to any conflicts of law principles thereof. In the event that legal action is required, any litigation brought hereunder must be brought in the Court of Common Pleas of Westmoreland County, Pennsylvania, or the U.S. District Court for the Western District of Pennsylvania, to the extent Federal law or Federal diversity jurisdiction would apply.

19. In the event that legal action is required to enforce the terms hereof, RN/Employee is responsible for their own legal fees, and in the event where Arriba is the prevailing party, Arriba shall be entitled to an award of costs and reasonable attorney's fees from RN/Employee.

20. This Agreement may be executed in one or more counterparts, each of equal validity, by each party hereto. Electronic scans or facsimile transmission of the signatures to this documents will be of full force and effect.

21. The parties acknowledge and agree a condition of employment is that RN/Employee must be vaccinated as required by applicable Federal or

4

State laws and regulations; the parties further specifically agree the aforementioned vaccination requirement includes vaccination against COVID-19.

22. RN/employee acknowledges her or his immigration to the United States is predicated on three (3) years or 6,240 total hours employment with Arriba; if RN/employee does not work for Arriba as required for three (3) years or 6,240 total hours, such may constitute immigration fraud and lead to revocation of permanent resident status and deportation from the U.S.

IN WITNESS THEREOF the parties have executed this Agreement on the dates below:

Arriba International Staffing Services:

By: _Christie L. Laidacker_
     (Authorized Signature)
Name: Christie L Laidacker
Title: Director of Employee
        Relations and Recruitment
Date: 11/10/2022

Employee:

By: _Jun-Chi Horng_
     (Authorized Signature)
Name: Jun-Chi Horng
Title: RN/Employee
Date: 11/10/2022

5

## VERIFICATION

The undersigned hereby verifies that the statements of fact in the foregoing Complaint are true and correct to the best of his/her/their knowledge, information and belief. He/she/them understands that any false statements therein are subject to the penalties contained in 18 Pa. C. S. §4904, relating to unsworn falsification to authorities.

5/9/2023
Date

Signature (sign in blue ink)

Rachel Lauver
Print Name

Employment Resource, Acquisition Manage
Title

Arriba Career and
Technical Training
Inc., t/d/b/a Arriba
International Staffing
Services Inc.

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  Plaintiff

Signature: *Mary C*

Name:  Mary C. Conn

Attorney No., (if applicable):  65488

Date: July 11, 2023

7/20/2023 MH

**JAMES ALBERT, SHERIFF OF WESTMORELAND COUNTY**
**2 NORTH MAIN STREET**
**GREENSBURG, PA 15601**
**PHONE: 724-830-3457   FAX: 724-830-3808**

001




Sheriff's Return

(Prepare a separate affidavit form for each defendant to be served by the Sheriff)

Date: 7/19/23

**Last Day to Serve:** 8/11/23

Plaintiff: Arriba International Staffing Services Inc.

**Case Number:** 2703 of 2023

Attorney's or Plaintiff's Name and address

Mary C. Conn

Kennedy PC Law Offices

911 Washington Ave., Carnegie, PA 15106

Phone: 717.233.7100 ext. 104

vs

**Deft(s):** Jun Chi Horng

Serve: Jun Chi Horng

| | | |
|---|---|---|
| ✓ Complaint/Summons | Revival/SCI FA | |
| Seizure/Possession | Handbill | |
| Writ of Execution Garnishee | Court Order | |
| Interrogatories | Deputized Service | |
| Letter Mailed | Other: | |

Address: 1222 Bailey Farm Road, Apt. 2

Greensburg, Westmoreland County, PA 15601

Indicate type of service: ✓ Personal ☐ Deputized ☐ Person in Charge ☐ POST ☐ Other

**SHERIFF'S OFFICE USE ONLY**

I hereby certify and return that on the 25th day of July, 20 23, at 5:15 o'clock a.m./p.m. address
above/address below, County of Westmoreland Pennsylvania I have served in the manner described below:
☐ Defendant(s) personally served
☐ Adult in charge of Residence - Name: _____ Relationship: _____
☐ Manager authorized to accept - Name: _____ Title: _____
☐ Posted:
Defendant Not Found: ✗ Moved ☐ Unknown ☐ No Answer ☐ Vacant ☐ Other: ADDRESS WAS 1222
Attempts: _____ / _____ / _____
Deputy's Remarks: SPOKE TO TENANT JOHN RUSINKO IN SAME
BUILDING (HE SAID SHE MOVED TO NEW YORK)
✗ NO SERVICE ✗ $118 Deputy Signature: _____

| Advanced monies | West'd Sheriff's Cost | Deputized Co | TOTAL COSTS | Refund | Add Amount Owed |
|---|---|---|---|---|---|
| $ 175 | $ | $ | $ 57.36 | $ 117.64 | $ |

NOW: _____ 20__ I, SHERIFF OF WESTMORELAND COUNTY, PA do hereby deputize the Sheriff of
_____ County to execute this Writ and make return thereof according to law.
Deputized Cty Ck #_____ Advanced Amt $ _____

**Sheriff**

AFFIRMED and subscribed to before me this
_____ day of _____ 20__

_____
Notary Public/ Prothonotary

_____ Deputized Sheriff _____ Date
James W Bert 7/25/2023
Signature of Sheriff (Westmoreland Co)    Date
MH

PROTHONOTARY (WHITE)        ATTORNEY (YELLOW)        SHERIFF (PINK)